UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO. 3:18CR-188-CHB
UNITED STATES OF AMERICA, PLAINTIFF,

vs.

GREGORY A. BUSH, DEFENDANT.

**RESPONSE TO MOTION OF THE UNITED STATES TO
APPOINT COUNSEL AND TO STAY PROCEEDINGS
WITH SUGGESTION FOR ALTERNATIVE PROCEDURE**

Comes the undersigned, conditionally appointed counsel for defendant, and for his response to the motion of the United States to appoint counsel and to stay proceedings says as follows.

On October 24, 2018, defendant allegedly shot M.S., V.J. and D.R., intentionally killing M.S. and V.J. and attempting to kill D.R. Both the Commonwealth of Kentucky and the United States have returned capital indictments against defendant arising out of these alleged events and acts. Defendant is currently in the custody of the Commonwealth of Kentucky pursuant to its charges, but has not yet appeared or been arraigned in this Court on the federal charges.

Rather than seeking the issuance of a writ of *habeas corpus ad prosequendum* to bring defendant before this Court on the federal charges, the United States has instead opted to move the Court to stay the case—including arraignment—and to take the extraordinary

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

step of appointing counsel to represent defendant even though there has been no request by defendant to do so.

The Court entered an order conditionally appointing the Federal Defender to represent defendant and to "make an independent assessment of the defendant's financial capability to contribute to the cost of his defense and advise the Court of same as soon as possible". (R. 11 Order Conditionally Appointing Counsel). The Federal Defender will, of course, accept appointment as counsel for defendant if that is the Court's order. However, for the following reasons, the undersigned respectfully requests the Court to modify its order to make its appointment contingent on the defendant personally requesting same and to remove the Federal Defender from any role in determining the eligibility of defendant for the appointment of counsel. This matter should be set for initial appearance and the issue of representation resolved when defendant is actually before the Court.[1]

### The Process of Appointing Counsel in Capital Cases Should Be Initiated by the Defendant, Not the Government

It is for the defendant to request the appointment of counsel in capital cases, not the government.

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, *upon the defendant's request*, assign 2 such counsel . . . .

18 U.S.C. §3005 (emphasis added).

---

[1] The Federal Defender has on occasion agreed to represent clearly eligible individuals in negotiations with the United States to resolve cases in advance of formal charges being brought. This, however, has always been at the direct request of the individual and subject to a formal appointment by the Court following an eligibility hearing when the client makes his or her initial appearance.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

## The Court's Order Appears to Conflict with
## The District's Criminal Justice Plan

The undersigned suggests that in deciding whether a defendant is eligible for appointed counsel, the Court should not have the Federal Defender "make an independent assessment of the defendant's financial capability to contribute to the cost of his defense and advise the Court of same". (R. 11 Order Conditionally Appointing Counsel, p. 2). Section IV(D) of the Criminal Justice Plan for the Western District of Kentucky provides in pertinent part that "the determination of eligibility for representation . . . is a judicial function to be performed by a judicial officer . . . .". and that

> All statements made by a person requesting appointed counsel or during the inquiry into eligibility should be either:
>
> a.  Reflected on Form CJA 23 (Financial Affidavit) and the form should be completed and executed before a judicial officer or employee; or
>
> b.   Under oath in open court.

Id., at IV(D)(1).

## The Court's Order Creates a Potential Conflict of
## Interest Between the Federal Defender and the Defendant

The Federal Community Defender for this district—as do all federal defender and community defender offices in other districts—receives its budget from the Office of Defender Services of the Administrative Office of the United States Courts. Whenever a defendant is found to be able to contribute to the cost of his or her defense, 18 U.S.C. §3006A(f) provides that any money recovered may be paid to, *inter alia*, the Federal Defender itself or to the Treasury of the United States as a reimbursement of the appropriation for said budgets. Accordingly, any finding that defendant is capable of

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

contributing to his defense has the potential to financially benefit federal/community defender programs in this or other districts. This would appear to create at least a potential conflict of interest should the Federal Defender be involved in the determination of the defendant's ability to contribute financially to his defense.

## Conclusion

For these reasons, the undersigned suggests that the better course would be to issue a writ of *habeas corpus ad prosequendum* to bring defendant before the Court for initial appearance on the indictment herein. At that time, as provided by 18 U.S.C. §3005 and the district's CJA Plan, the Court itself could determine defendant's eligibility for the appointment of counsel—should he request it—based upon a properly executed CJA 23 affidavit and/or his sworn testimony in open court.

Should the Federal Defender be appointed, a hearing can then be held on the motion of the United States to stay proceedings and how such a stay would impact important aspects of the case such as discovery, pretrial motions, and determination of competence.

/s/ Scott T. Wendelsdorf
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

# CERTIFICATE

I hereby certify that on December 14, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to Amanda E. Gregory, Assistant United States Attorney; and Christopher J. Perras, Trial Attorney, Department of Justice.

/s/ Scott T. Wendelsdorf

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5