UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                                                    NO. 3:18-CR-00188-CHB-RSE
                                                                       *Electronically Filed*

GREGORY A. BUSH                                                                              DEFENDANT

### UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States of America, by counsel, moves the Court for entry of a Protective Order covering discovery in this case. Counsel for the United States has conferred with Scott Wendelsdorf, counsel for defendant Gregory A. Bush, and defense counsel does not oppose this order. The purpose of this Motion is to facilitate the expeditious exchange of information between the parties and to adequately protect personal and private information.

The defendant is charged with three counts of a hate crime resulting in death or involving an attempt to kill, in violation of 18 U.S.C. § 249(a)(1)(B), two counts of use or discharge of a firearm to commit murder, in violation of 18 U.S.C. §§ 924(c) and (j)(1), and one count of use or discharge of a firearm in or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). DN 1. Counts Two and Four of the indictment, which charge use or discharge of a firearm to commit murder, carry a maximum penalty of life imprisonment or death. *See* 18 U.S.C. § 924(j)(1). Due to the fact that two of the counts carry a potential death penalty, the case must undergo the Department of Justice's Capital Case Review Process. Defense counsel participates in this process and has the opportunity to present mitigating evidence to the Capital Case Review Committee. As such, the United States anticipates providing broad discovery early in the case, to

ensure that defense counsel has access to relevant information during the Capital Case Review Process.

The discovery materials in this case contain, among other things, medical records, bank records, personal information regarding victims and potential witnesses, and other private information, including social security numbers and birth dates.

Fed. R. Crim. P. 16(d)(1) authorizes the court to regulate discovery. In part, the Rule reads, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The government believes that because of the volume and sensitive nature of the discovery in this case, it is appropriate for the Court to enter a Protective Order containing the following provisions:

    A.    Many of the materials that will be provided as discovery (hereinafter discovery materials), including, but not limited to: individuals' records, investigators or agency memoranda or reports, grand jury transcripts, witness statements, recordings, tapes, computer disks, transcripts, applications, affidavits, computer or electronic records, memoranda of interview bank records, and any documents and tangible objects provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), are not public information. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.

    B.    Discovery materials provided by the United States should be utilized by the defendant and defendant's counsel solely in connection with the defense of this case and the related state case and for no other purpose and in connection with no other proceeding.

    C.    Discovery materials provided by the United States and their contents, and any notes

or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons employed to assist in the defense of this case and the related state case, individuals who are interviewed as potential witnesses in the case and the related state case, or such other persons as to whom the Court may authorize disclosure.

D.  Discovery materials provided by the United States should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

E.  Defendant's counsel should inform the defendant of the provisions of the Protective Order, and direct him not to disclose or use any information contained in the government's discovery in violation of the Protective Order. However, nothing contained in this Protective Order should be construed as restricting defendant's counsel from providing defendant with discovery materials. Further, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

Respectfully submitted,

| | |
|---|---|
| RUSSELL M. COLEMAN<br>United States Attorney<br>Western District of Kentucky<br>*/s/ Amanda E. Gregory*<br>By: Amanda Gregory<br>Assistant United States Attorney<br>717 West Broadway<br>Louisville, KY 40202<br>Tel. (310) 869-7503<br>amanda.gregory@usdoj.gov | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division<br>*/s/ Christopher J. Perras*<br>By: Christopher J. Perras<br>Trial Attorney<br>601 D Street, NW<br>Washington, DC 20004<br>Tel. (202) 353-5939<br>christopher.perras@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 4, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.

                                                *s/Amanda E. Gregory*
                                                Amanda E. Gregory