UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Filed Electronically)

CRIMINAL ACTION NO. 3:18CR188-CHB
UNITED STATES OF AMERICA,                                        PLAINTIFF,

vs.

GREGORY A. BUSH,                                                 DEFENDANT.

**MOTION TO TRANSPORT DEFENDANT TO FEDERAL
DETENTION FACILITY IN GEORGIA FOR THE PURPOSE
OF PSYCHOLOGICAL EVALUATION**

Comes the defendant, Gregory A. Bush, by counsel, and moves the Court for an order authorizing and directing the United States Marshal to transport defendant to and temporarily designate as his place of detention a federal detention facility in the state of Georgia, as close as possible to Atlanta, Georgia, for the purpose of permitting a psychiatric evaluation by defendant's retained expert, Dr. Bhushan S. Agharkar, M.D., a Board Certified Forensic Psychiatrist.

Defendant has been indicted herein and in Jefferson Circuit Court in Louisville, Kentucky, with offenses arising out of an incident on October 24, 2018, in which defendant allegedly shot and intentionally killed two people and attempted to kill a third. Both indictments potentially carry the death penalty, and the cases are presently proceeding

Office of the
**Federal Defender**
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

simultaneously in the respective state and federal courts. Undersigned counsel in this case are working in coordination with the defense counsel in the corresponding state case.

Neither the United States Attorney nor the Commonwealth's Attorney have yet determined whether the death penalty will be sought in their respective cases. The fact that the cases are proceeding simultaneously in both state and federal courts adds complicating factors to an already challenging and serious case which will potentially result in severe prejudice to counsel's ability to defend defendant in this federal case. Of immediate concern is a pending motion by the Commonwealth of Kentucky in the state case to remand defendant to the Kentucky Correctional Psychiatric Center (KCPC) for an evaluation to determine his competency to stand trial. The motion will be heard and presumably ruled upon by the state court on March 15, 2019.

It has become apparent that the defendant's mental state, both currently and at the time of the alleged offenses, will be critical to a number of issues that are central to this case. To that end, the undersigned defense counsel and defendant's counsel in state court have jointly retained a highly qualified psychiatrist whose practice is based in Atlanta, Georgia—Dr. Bhushan S. Agharkar, M.D. Working cooperatively with state defense counsel in this regard is intended to provide defendant with a consistent, effective, and coordinated defense while at the same time utilizing scarce federal and state resources as efficiently as possible.

Counsel has been advised that, at the current time, the waiting list for entry to KCPC for evaluation is six to eight weeks. Therefore, should the Judge in the parallel state court

Office of the
**Federal Defender**
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

case order the evaluation requested by the Commonwealth, it is unlikely that Mr. Bush would be transported to KCPC prior to May. This requested thirty day evaluation would be for competency to stand trial *only*, not for any other purpose such as the determination of the defendant's mental state at the time of the offense, an issue absolutely crucial to the preparation of an effective defense and—of more immediate significance—the mitigation presentation to the United States Attorney and the Attorney General's Capital Case Review Committee. While Dr. Agharkar would be permitted to *observe* the formal evaluation at KCPC, he would not be permitted to actually *conduct* an independent evaluation of defendant while he is at KCPC. Should defendant be found incompetent to stand trial, but likely to regain competency in the foreseeable future if medicated, he would be recommitted to KCPC for an additional sixty day period for treatment to restore competency. See KRS 504.110(1). **This would substantially prejudice development of the defendant's defense and mitigation cases in this federal capital case.**

It is imperative that the psychiatrist retained by the defense have the opportunity to make an <u>initial</u> in-person psychiatric assessment of defendant <u>before</u> he is committed to KCPC by the Commonwealth. Without such an initial evaluation, federal defense counsel will be unable to prepare and present a complete, effective, and accurate mitigation presentation to the United States Attorney and the Attorney General's Capital Case Review Committee as required by the federal death penalty authorization process[1] or to the jury,

---

[1] An important and vital aspect of the case as recognized by the United States itself. (R. 9 Motion to Stay Proceedings and Appoint Counsel, p. 5).

Office of the
**Federal Defender**
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

should death be authorized and defendant be convicted at trial. If the state competency process commences before defendant can be evaluated by Dr. Agharker, it is likely that Mr. Bush will be committed to KCPC—and thus unavailable to Dr. Agharkar—until late in the year. Not only would this significantly delay the capital case review process by the United States Attorney and the Attorney General's Capital Case Review Committee, the accuracy and reliability of Dr. Agharkar's evaluation would be put at considerable risk, as he would not be able to evaluate Mr. Bush prior to his receiving medication and other treatment at KCPC. Thus, both the timeliness and quality of the defense mitigation presentation would be severely and adversely affected to defendant's prejudice.

      Dr. Agharkar maintains his practice in the Atlanta, Georgia, area. He is a licensed physician in Georgia, and could therefore conduct the essential initial in-person evaluation and assessment of defendant in that state. Dr. Agharkar applied for a license to practice in Kentucky in January, a routine but time consuming process which takes sixty to ninety days and is therefore unlikely to be completed prior to defendant's commitment to KCPC with the attendant prejudice to his case discussed above.

      Defendant should be transported to a federal detention facility—or suitable pretrial detention facility with a federal contract—for the purpose of a psychiatric evaluation to be conducted by the psychiatrist retained by the defense. It is common practice for the United States Marshals to transport custodial defendants to out-of-state Bureau of Prisons facilities all over the country for mental assessments by prosecution retained or employed experts. In this instance, the defense merely requests the same—transport to a facility in Georgia for

Office of the
**Federal Defender**
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

a mental assessment by defendant's retained expert. Mr. Bush's presence at such a facility need not exceed a few days at most. After evaluation, he could be returned to state custody, and be available for any competency determination, evaluation, or treatment that the state court deems necessary.

## Conclusion

Granting the instant motion will 1) allow the federal capital case review process by the United States Attorney and the Attorney General's Capital Case Review Committee to proceed in a timely manner; 2) allow counsel to effectively investigate and properly evaluate factors bearing on the federal death penalty authorization process in a timely fashion; 3) allow the Commonwealth in the state case to proceed with any desired competency evaluations, determinations, or restoration and treatment within the same time frame as currently contemplated by the parties; 4) promote coordination between the federal and state prosecutors and defense counsel; and 5) promote the efficient use of limited state and federal resources.

Denying the instant motion—and thus permitting the Commonwealth of Kentucky to evaluate and treat or restore defendant before he can be evaluated by Dr. Agharkar—will 1) significantly delay the capital case review process by the United States Attorney and the Attorney General's Capital Case Review Committee; 2) adversely affect the accuracy and reliability of Dr. Agharkar's evaluation; and 3) substantially thwart and prejudice federal defense counsel's ability to prepare and present a complete, effective, and accurate mitigation presentation to the United States Attorney and the Attorney General's Capital

Office of the
**Federal Defender**
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

Case Review Committee or to the jury, should death be authorized and defendant be convicted at trial.

/s/Scott Wendelsdorf
Federal Defender
200 Theatre Building
Louisville, Kentucky 40202
(502) 584-0525

/s/Donald J. Meier
Assistant Federal Defender
200 Theatre Building
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on February 6, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to Amanda E. Gregory, Assistant United States Attorney; and Christopher J. Perras, Trial Attorney, Department of Justice.

/s/ Scott T. Wendelsdorf

Office of the
**Federal Defender**
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6