UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF


v.                                      CRIMINAL ACTION NO. 3:18CR188-CHB-RSE


GREGORY A. BUSH


**UNITED STATES' RESPONSE TO MOTION TO TRANSPORT DEFENDANT TO
FEDERAL DETENTION FACILITY IN GEORGIA FOR THE PURPOSE OF
PYSCHOLOGICAL EVALUATION**
ELECTRONICALLY FILED

INTRODUCTION

Comes the United States of America, by counsel, to request that the Court deny the
Defendant's Motion to Transport Defendant to Federal Detention Facility in Georgia for the
Purpose of Psychological Evaluation (DN 25).

Defense counsel requests the Court order the United States Marshals Service to remove the
Defendant from state custody and transport him to a federal facility in Georgia, so the Georgia-
based psychiatrist who has been retained by the defense may examine the Defendant.  *See* DN 25-
1.  As a justification for this request, defense counsel states that the Defendant will be prejudiced
if the defense expert is unable to examine the Defendant prior to a court-ordered competency
evaluation at the Kentucky Correctional Psychiatric Center (KCPC) in his state case.  *See* DN 25
at 3.  Defense counsel expresses concern that once the Defendant is in state custody for the
competency evaluation, the defense expert may not have access to the Defendant for several
months.  *Id*. at 4  More importantly, defense counsel argues that the defense expert needs to be
able to examine the Defendant before he receives either medication or treatment in state custody,

to enable the expert to form an opinion regarding the Defendant's mental state at the time of the charged crimes.   *Id*.

The United States notes that on February 19, 2019, defense counsel Scott Wendelsdorf told counsel for the United States that the defense expert had communicated with the Kentucky Board of Medical Licensure (KBML) and expected to get approval for his license by the end of March. As such, he is planning to travel to Kentucky around April 1, 2019, to examine the Defendant. Given that the Defendant's KCPC evaluation will take place at the end of April at the earliest, this would generally seem to moot the defense motion.   However, in the absence of an official defense filing on the subject, the United States submits this response.

<u>ARGUMENT</u>

I.   <u>The defense expert will have an opportunity to examine the Defendant in Kentucky before the Defendant goes to KCPC.</u>

Defense counsel states that their expert is unable to examine the Defendant outside of Georgia, because, while the expert has applied for a Kentucky medical license, he does not yet have one, and thus cannot legally examine the Defendant within Kentucky.   *Id*. at 4.   The defense expert applied for a Kentucky medical license in January, and based on KBML's website, defense counsel stated it could take 60 to 90 days for his application to be processed.   *Id*. at 4.   Assuming the defense expert did not apply until the last day of January, the minimum 60 days of processing time would mean his application would be processed by April 1, 2019, and the maximum 90 days of processing time would mean his application would be processed by May 1, 2019.   The state hearing on the motion for a competency evaluation is scheduled for March 15th and if the court orders a competency evaluation, the Defendant would be placed on a waiting list at KCPC that takes "six to eight weeks."   *Id*. at 2-3.   Six weeks after March 15th is April 26, 2019.   Eight weeks after March 15th is May 10, 2019.

The United States has conferred with the prosecutors in the state case, and they are willing to agree that the Defendant will not be sent to KCPC until two weeks after the defense expert receives a Kentucky medical license.   *See* Attached Exhibit, Letter from State Prosecutors to State Defense Counsel.   Given this agreement, unless the state court acts contrary to the reasonable position of both parties, the Defendant will not be sent to KCPC until the defense expert has a reasonable opportunity to obtain a Kentucky medical license and examine the Defendant.

Further, based on information the United States has obtained with the respect to the medical licensure process, it is likely that the defense expert will receive a temporary license well before the earliest date the Defendant could go to KCPC.   On February 7, 2019, after the status conference in this case, counsel for the United States discussed the licensure process with the General Counsel for KBML.   The General Counsel explained that while full medical licenses can only be issued at quarterly meetings of the Board, temporary licenses are usually issued within ten days of an application being complete if there are no disqualifying issues.   She indicated a temporary license grants the same authority to practice as a full medical license.   She stated the defense expert had completed the online application, but the Board was still waiting on his Federation Credential Verification Service[1] (FCVS) report.   The FCVS website states it takes approximately 45 days or less to issue an initial report and approximately 20 days or less to issue a subsequent report for a physician who has previously been through the process.   *See FCVS FAQ*, https://www.fsmb.org/fcvs/fcvs-faq/ (last visited February 18, 2019).   If the defense expert requested his FCVS report on January 31st and has no disqualifying issues, he would receive a temporary license by March 27th if it is his first time applying through the FCVS system, and March 2nd if he has applied previously.   Both dates are several weeks before the earliest date the

---

[1] FCVS is a third-party service run by the Federation of State Medical Boards that provides verification of medical credentials.

Defendant is expected to be sent to KCPC.

In sum, it is likely that the defense expert will receive a temporary Kentucky medical license before the Defendant is sent to KCPC.   But even if he does not, the state prosecutors have agreed to postpone the KCPC evaluation, if necessary, to ensure that the defense expert has an opportunity to examine the Defendant.

II.    The defense expert will likely obtain a Kentucky medical license before the earliest date the Marshals could transport the Defendant to Georgia.

It would likely take a minimum of five weeks from the entry of an order for the Marshals to transport the Defendant to Georgia.   The Defendant is currently in state custody.   According to the Supervisory Deputy Marshal for the District, the Marshals would need a writ to move the Defendant into federal custody before anything could happen concerning his transport.   While the process of obtaining a prisoner based on writ generally takes around 30 days, it can be expedited to two weeks.[2]   Once the Defendant is in federal custody, the Marshals could take the steps needed to transport the Defendant to Georgia.   The Marshals estimate this would take a minimum of three to four weeks.[3]   Thus, the soonest the Marshals could transport the Defendant would be five weeks from the entry of an order (minimum two weeks for obtaining the prisoner + minimum three weeks for transport).

Accordingly, it would likely take the Marshals longer to transport the Defendant to Georgia than it would take for the defense expert to obtain a temporary Kentucky medical license.   Five weeks from the date of this filing would be March 27, 2019, which is the outer limit of the time range for the defense expert to obtain a temporary license if he requested an FCVS report in

---

[2] The process takes at least two weeks because of the necessity of obtaining a clearance from the governor of Kentucky.   State officials will not turn over state prisoners to the Marshals solely based on a writ, without a governor's clearance.

[3] The Marshals would transport the Defendant by airplane and flights are not scheduled until there are enough prisoners to fill the flight.

January.

III.   <u>Given that the defense expert will have an opportunity to examine the Defendant before the Defendant is sent to KCPC, any potential time saved from transporting the Defendant to Georgia is not worth the potential downsides associated with and the precedent of transport.</u>

Transporting the Defendant to Georgia comes with certain downsides.   Once the Defendant is in Georgia, it will take an additional three to four weeks for the Marshals to bring him back to Kentucky, where he has two criminal actions pending.   During the period he would be in Georgia, he would be unavailable to attend any hearings in this case or in his state case, including the state hearing currently scheduled for March 15, 2019.   Additionally, there are safety risks associated with transport.   While the Marshals have protocols in place to handle prisoners, including those with potential mental health issues who have been charged with murder in a high-profile case, more risks arise – both to others and to the prisoner – when a prisoner is being moved from one location to another than when a prisoner is stationary.   *See United States v. Thomas*, 55 F.3d 144, 150-51 (4h Cir. 1995) (noting that increasing "inmate transportation back and forth between the state and federal systems" comes with "additional safety risks and administrative costs").

While defense counsel is entitled to have the Defendant examined by an expert of their choice, it is not unreasonable to require that the examination take place in Kentucky.   In this case, the defense expert is in Georgia, but he could easily be in Hawaii, or overseas.   At some point, the Court would have to place a limit, and the reasonable limit should be that the expert should be required to perform the examination in Kentucky, where the Defendant is in custody, and where the expert will have to travel to observe the KCPC examination, and to ultimately testify.   If time was truly of the essence, defense counsel could have chosen an expert to do an examination who was already licensed in Kentucky.

<u>CONCLUSION</u>

For the above reasons, the United States respectfully requests that the Court deny Defendant's Motion to Transport the Defendant to Federal Detention Facility in Georgia for the Purpose of Psychological Evaluation (DN 25).

Respectfully submitted,


RUSSELL M. COLEMAN                    ERIC S. DREIBAND
United States Attorney                        Assistant Attorney General
Western District of Kentucky              Civil Rights Division


*/s/ Amanda E. Gregory*                       */s/ Christopher J. Perras w/ permission*
By: Amanda Gregory                          By: Christopher J. Perras
Assistant United States Attorney          Trial Attorney
717 West Broadway                           601 D Street, NW
Louisville, KY 40202                          Washington, DC 20004
Tel. (502) 582-5016                           Tel. (202) 353-5939
Fax: (502) 582-5067                          christopher.perras@usdoj.gov
amanda.gregory@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 20, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

*s/ Amanda E. Gregory*
Amanda E. Gregory
Assistant U.S. Attorney