UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:18-CR-188-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER DENYING WITHOUT** |
| GREGORY A. BUSH, | ) | **PREJUDICE MOTION TO** |
| | ) | **TRANSPORT DEFENDANT** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendant's Motion to Transport Defendant to Federal Detention Facility in Georgia for the Purpose of Psychological Evaluation [R. 25]. The United States filed a Response indicating its opposition. [R. 28] The Defendant did not file a Reply.

Having reviewed the Motion and the Response, the Court will deny the Motion without prejudice. While the Court understands the Defendant's arguments regarding the need for him to receive a psychiatric assessment from his own expert before any competency evaluation performed at the Kentucky Correctional Psychiatric Center ("KCPC") in the state case, it appears that Court intervention is not needed to ensure this will happen. In its Response, the United States attached a letter from Milja Zgonjanin, Assistant Commonwealth's Attorney, stating that "the Commonwealth is amenable to delay the KCPC evaluation for two weeks from the date that Dr. Agharkar is licensed in the state of Kentucky." [R. 28-2, Letter from Zgonjanin to Defense Counsel] From the Response, it appears that the Kentucky Board of Medical Licensure will likely grant the defense expert a medical license no later than May 1, 2019. However, it is anticipated that the license will be granted by the end of March. The United States' Response

- 1 -

stated that defense counsel Scott Wendelsdorf told counsel for the US that the defense expert expected (based on communications with the Board) to get approval for his license by the end of March, and accordingly planned to travel to Kentucky around April 1, 2019. [R. 28, United States' Response at p. 2]  Accordingly, it appears to the Court that the Defendant will have the chance to have his own expert conduct the requested psychiatric assessment before any such assessment is conducted by the Commonwealth, without need of a court order at this time. However, if the Commonwealth attempts to move forward with a mental evaluation before the Defendant has the opportunity to have his own expert perform an assessment, or if Dr. Agharkar does not receive a license to practice medicine in Kentucky by March 29, 2019, defense counsel can file an appropriate motion with the Court, which will then be addressed promptly.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Defendant's **Motion to Transport Defendant to Federal Detention Facility in Georgia for the Purpose of Psychological Evaluation** [**R. 25**] is **DENIED** without prejudice.

2. The Parties **SHALL** file in the record a Joint Status Report on or before **March 29, 2019**, stating the status of licensure for the defense expert and noting the progress of any evaluation by the expert or any plans for the expert to assess the Defendant.  The Parties **SHALL** likewise keep the Court appraised as to the defense expert's licensure, and the progress of any evaluation by the expert and/or plans for him to conduct an evaluation, if the expert receives a medical license sooner than anticipated.

This the 13th day of March, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Counsel of record